

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2004

# Camara v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Camara v. Atty Gen USA" (2004). *2004 Decisions.* Paper 295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 04-1561

—————

KADIATOU CAMARA;
MIRIAM CAMARA;
KHADY CAMARA,

Petitioners

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent

—————

ON PETITION FOR REVIEW OF ORDERS OF THE
BOARD OF IMMIGRATION APPEALS

(Nos. A95-825-392, A95-825-393, A95-825-394)

—————

Argued September 15, 2004

Before: ALITO, AMBRO, and FISHER, <u>Circuit Judges</u>

(Opinion Filed:  September 30, 2004)

NANCY WINKELMAN (Argued)
ELIZABETH K. AINSLIE
BRUCE P. MERENSTEIN

Schnader Harrison Segal & Lewis LLP
Suite 3600, 1600 Market Street
Philadelphia, PA 19103

JUDITH BERNSTEIN BAKER
AYODELE GANSALLO
HIAS and Council Migration Service of Philadelphia
2100 Arch Street, 3rd Floor
Philadelphia, PA 19103

*Counsel for Petitioners*

THOMAS K. RAGLAND (Argued)
PETER D. KEISLER, Assistant Attorney General,
Civil Division
PAPU SANDHU, Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, D.C. 20044

*Counsel for Respondent*

---

OPINION OF THE COURT

---

PER CURIAM:

Kadiatou Camara and her two daughters[1] petition for review of final orders of the

---

[1]We assume that Miriam (spelled "Mariam" in several places in the record) and Khady Stephanie Camara may both file applications derivative of their mother's application, despite our doubts whether Khady, who was informally adopted by Kadiatou, qualifies as a derivative applicant. See Immigration and Nationality Act § 208(b)(3)(A),

Board of Immigration Appeals (the "Board") denying their applications for asylum and withholding of removal. Because we write solely for the parties, we do not recite the underlying facts, which are set forth in the order of the Immigration Judge ("IJ") dated August 8, 2003. We conclude that the Board's decision was supported by substantial evidence, and we deny the petitions.

I.

We review the Board's denial of an application for asylum to determine if it is supported by substantial evidence. Dia v. Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc). Under this standard, the decision of the Board may be reversed "only if the evidence presented by [the applicant] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). In other words, "the BIA's finding must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

The Attorney General may grant asylum to an alien who demonstrates that she is unable or unwilling to return to her native land because of a "well-founded fear" of persecution. See Immigration and Nationality Act (INA) §§ 101(a)(42)(A), 208(b)(1), 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1) (2000); 8 C.F.R. § 208.13(b) (2004); Abdille, 242

8 U.S.C. § 1158(b)(3)(A) (2000). Since the record contains no evidence that Miriam and Khady would be "otherwise eligible for asylum," id., we focus our energies on Kadiatou's application, assuming that the success of Miriam's and Khady's applications depends on hers.

3

F.3d at 482. A "well-founded fear" must be both subjectively genuine and objectively reasonable. Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003). We have held that "persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom," but does not amount to "all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Lukwago v. Ashcroft, 329 F.3d 157, 168 (3d Cir. 2003) (internal quotation marks and citations omitted).

Camara argues that the Board's decision was not supported by substantial evidence because her testimony and the country reports she submitted both showed that members of her political party, the RDR, were being targeted for violence and detention by the country's ruling government. She further testified that she feared for her life after the government's "anti-riot brigade" (the "BAE") had twice visited her house in the middle of the night. The IJ deemed this testimony "above reproach," finding it "credible, persuasive, and specific." Administrative Record ("A.R.") at 72. Since Camara testified that her life was in danger and the IJ found this testimony credible, she argues that a reasonable factfinder would be compelled to find that she had a "well-founded fear" of persecution.

We disagree. It does not follow from a finding of credibility that Camara was eligible for asylum based solely on her testimony. Testimony may want for more than credibility. A reasonable factfinder may credit a witness yet still discount her testimony

4

as speculative or hearsay, and even testimony without these limitations must meet the basic requirement of alleging facts that would entitle the applicant to relief. The BIA's decisions have distinguished between claims that fail for lack of credibility and claims that fail because testimony, while credible, failed to satisfy an applicant's burden of proof. See Abdulai v. Ashcroft, 239 F.3d 542, 551 n.6 (3d Cir. 2001) (citing In re S-M-J, 21 I. & N. Dec. 722 (BIA 1997)).

Camara's testimony, if credited, may compel the conclusion that she genuinely feared persecution, but it does not compel the conclusion that this fear was reasonable. Although she testified that government agents would arrest and kill her because of her membership in the RDR, see A.R. at 155, she offered no evidence as to how commonly RDR members were persecuted or whether she was similarly situated with those who had been. The State Department's 2002 Country Report on Cote d'Ivoire actually suggests that a relatively small number of people had been targeted. See A.R. at 379-80 (reporting that in a country with a population of 16 million, "more than 200 extrajudicial killings" and "several" disappearances had occurred). While these facts might permit the conclusion that Camara's fear of persecution was reasonable, we do not believe they compel it.

Nor do we believe this conclusion was compelled by Camara's testimony about the BAE. According to her, BAE agents had twice arrived on her doorstep in the middle of the night and demanded entry. A.R. at 148-49. She also testified, however, that BAE

agents had done the same thing to others in her neighborhood who belonged to the RDR, see A.R. at 149, yet she offered no evidence that any of them had suffered violence at the BAE's hands. As the IJ observed, the BAE agents always left her house without incident, even though Camara was a well-known RDR member who may have been denounced by her husband. See A.R. at 72. Based on this testimony, a reasonable factfinder could conclude that her fear, though genuine, was not reasonable. The decision to deny her application was thus supported by substantial evidence.

## II.

Since the denial of Camara's asylum application was supported by substantial evidence, it follows that the Board's decision to deny withholding of removal under the INA must be upheld as well. See Lukwago, 329 F.3d at 182 ("If [petitioner] is unable to satisfy the standard for asylum, he necessarily fails to meet the standard for withholding of removal under INA § 241(b)(3)."). We also believe a reasonable factfinder could conclude that Camara had failed to show that it was "more likely than not" that she would be tortured if removed to Cote d'Ivoire. See id. at 182-83. The Board's decision to deny her application for withholding of removal under the U.N. Convention Against Torture therefore must be upheld.

## III.

After thoroughly examining the record and exploring the issues at oral argument, we conclude that substantial evidence supports the Board's decision to deny the

6

petitioners' applications for asylum and withholding of removal.  The petition for review

is accordingly denied.